UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMIKA KEATHLEY,

    Plaintiff,                    CIVIL ACTION NO. 15-cv-11888

    v.                            DISTRICT JUDGE PAUL D. BORMAN

GRANGE INSURANCE COMPANY    MAGISTRATE JUDGE MONA K. MAJZOUB
OF MICHIGAN,

    Defendant.
_____/

OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR SANCTIONS AND TO COMPEL [35]

This matter comes before the Court on Plaintiff Timika Keathley's Motion for Sanctions and to Compel for Defendant's Failure to Produce Photographs Taken by its Claims Adjuster at Plaintiff's Home, and for Other Discovery Violations. (Docket no. 35.) Defendant Grange Insurance Company of Michigan responded to Plaintiff's Motion (docket no. 40), and Plaintiff replied to Defendant's Response (docket no. 41). The Motion has been referred to the undersigned for consideration. (Docket no. 37.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

I.    BACKGROUND

At all times relevant to this matter, Plaintiff owned a home in Belleville, Michigan, which was insured by a policy issued by Defendant. (Docket no. 1 ¶¶ 4-5.) Plaintiff alleges that on or about January 28, 2014, her home suffered water damage caused by frozen and broken pipes. (*Id*. ¶ 9.) According to Plaintiff, the insurance policy provided casualty coverage, personal

property coverage, and loss of use/temporary housing and expense coverage for water damage resulting from broken or frozen pipes. (*Id.* ¶ 8.) Plaintiff purportedly submitted a claim to Defendant for loss of the premises, loss of personal property, and loss of use/temporary housing expenses on April 4, 2014. (*Id.* ¶ 10.) On May 28, 2014, Jason May, a claims adjuster employed by Defendant, allegedly conducted a fifteen-minute inspection of Plaintiff's home, during which Plaintiff claims that Mr. May took no photographs,[1] made no estimates for repairs, and took no samples or specimens of the broken pipes. (*Id.* ¶¶ 11-12.) Plaintiff asserts that Mr. May then approved payments for temporary housing or "Additional Living Expenses" (ALE) on or about June 30, 2014, but that Defendant failed to follow through with those payments and denied approval of ALE for Plaintiff's proposed temporary housing at a hotel. (*Id.* ¶ 13-14.)

Defendant ultimately denied Plaintiff's insurance claim on the basis that no coverage existed under the policy because Plaintiff did not prove that the loss occurred; Plaintiff misrepresented information material to Defendant's investigation; the policy provided no coverage for a "Known Loss;" and Plaintiff failed to exhibit the damaged property to Defendant. (*Id.* ¶ 17; docket no. 36-7.) Plaintiff then initiated this action seeking damages for breach of contract regarding Defendant's alleged failure to conduct a complete inspection of Plaintiff's home, to provide temporary replacement housing to Plaintiff, and to pay the benefits due under the policy for the damages to and the loss of Plaintiff's real and personal property, as well as the loss of use expenses incurred by Plaintiff. (Docket no. 1 ¶¶ 24-26.)

Plaintiff previously filed two motions to compel, on January 21, 2016, and February 22, 2016, respectively. (Docket nos. 8 and 16.) On June 30, 2016, the Court held a hearing on those motions and contemporaneously issued an order granting the motions in part and denying the

---

[1] Discovery has revealed that Mr. May did indeed take photographs of Plaintiff's home during his inspection, the production of which is a subject of dispute in the instant Motion.

motions in part.  (Docket no. 43.)  Plaintiff filed the instant Motion on June 3, 2016, prior to the aforementioned hearing, in which she moves (1) for sanctions, including an adverse jury instruction, related to Defendant's failure to produce the photographs taken by its claims adjuster, Jason May, during his May 28, 2014 inspection of Plaintiff's home that were "inexplicably" not produced during discovery; (2) to compel defense witnesses Jason May and Brian Maxwell to respond to deposition questions that they declined to answer on the basis of attorney-client privilege; (3) to compel the production of documents withheld by Defendant on the basis of attorney-client privilege; (4) to compel Defendant to produce for deposition a corporate representative with knowledge of the meaning of the acronym, "CLASSP," which was used by Defendant when it opened Plaintiff's claim on its computer system; (5) to compel the production of Jason May and Brian Maxwell's home addresses; and (6) for the attorneys' fees and costs that Plaintiff incurred in filing the instant Motion.  (Docket no. 35.)  Some of the issues Plaintiff raises in the instant Motion are identical or substantially similar to those raised in her previously-filed motions.  The Court will address each of these issues herein.

## II.   GOVERNING LAW

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.  *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).  Parties may obtain discovery on any matter that is not privileged, is relevant to any party's claim or defense, and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).  "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).  But the scope of discovery is not unlimited.  "District

courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed. R. Civ. P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Rule 30 allows a party to conduct a deposition of any person without leave of court, subject to certain exceptions. Fed. R. Civ. P. 30(a)(1). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, or if the person whose deposition is sought under Rule 30 fails to properly comply with the rule, Rule 37 provides the party who sent the discovery or noticed the deposition the means to file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B).

If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed. R. Civ. P. 37(a)(5)(A). Furthermore, Federal Rule of Civil Procedure 37(d) authorizes the Court to order sanctions if a party fails to answer interrogatories or respond to a request for production of documents. Rule 37(b) provides a list of sanctions the Court may order if a party fails to obey a discovery order, up to and including dismissal of that party's action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A).

**III.   ANALYSIS**

       *1.   The Photographs Taken by Jason May*

Plaintiff argues that Defendant should be sanctioned for failing to produce the photographs of Plaintiff's home taken by Defendant's claims adjuster, Jason May, that "inexplicably" were not produced during discovery. (Docket no. 35 at 1, 8-11, 16-19.) Notably, Plaintiff alleges in her Complaint that Jason May failed to take any photographs during his May 28, 2014 inspection of Plaintiff's home. However, Plaintiff learned through the March 2016 deposition testimony of Mr. May, Joe Tison (the contractor whom Plaintiff hired to perform water mitigation in her home), and Brian Maxwell (Mr. May's supervisor and Defendant's Property Manager), that Mr. May did take photographs during the inspection and uploaded them to Defendant's computer system. (Docket no. 1 ¶ 12; docket no. 35 at 8-11.) Plaintiff asserts that Defendant has not produced the photographs taken by Mr. May in discovery, and she speculates that the reason for Defendant's failure to produce is because the photographs have been either lost or destroyed. (Docket no. 35 at 9, 10, 11.) Plaintiff argues that Defendant should face sanctions for its failure to produce Mr. May's photographs, including an adverse jury instruction related to the spoliation of evidence, the striking of Defendant's affirmative defenses and the entry of a judgment in Plaintiff's favor, and/or attorneys' fees and costs. (*Id*. at 16-17.)

In response, Defendant argues against the imposition of sanctions, but it neither confirms nor denies the existence of the photographs, does not provide any information regarding the former, current, or last known location of the photographs, and does not provide any explanation for its failure to produce these photographs in discovery. (Docket no. 40 at 6-11.) At most, Defendant vaguely states that it "cannot confirm what happened to photographs Jason May took." (*Id*. at 10-11.) Defendant also argues that the photographs are irrelevant to this matter

because Mr. May testified at his deposition that he did not see any burst pipes during his inspection of Plaintiff's home, and he therefore would not have taken any photographs of burst pipes. (*Id*. at 8, 10-11.) Defendant's relevance argument lacks merit. Defendant denied Plaintiff's claim in part because Plaintiff "failed in every way to exhibit the allegedly damaged property to [Defendant], whatever the extent of the damage was." (Docket no. 35-6 at 4-5.) Moreover, the condition of Plaintiff's home on the date of Mr. May's inspection, including whether there were any burst pipes or other evidence related to the alleged water damage in the home, is a disputed issue in this matter, as evidenced by the competing deposition testimony of Mr. May and Mr. Tison. (*See, e.g.*, docket no. 35 at 9-11.) Accordingly, the photographs of Plaintiff's home taken by Mr. May are indeed relevant to this matter, and they should be produced.

Notably, throughout this litigation, Defendant has agreed to produce photographs of Plaintiff's residence. For example, in response to Plaintiff's interrogatory that inquired whether Defendant was in possession, custody, or control of any photographs of Plaintiff's residence, Defendant responded affirmatively and referred Plaintiff to the photographs produced contemporaneously with its response. (Docket no. 35 at 17; docket no. 35-8 at 4.) Also, in correspondence dated November 9, 2015, defense counsel represented to Plaintiff's counsel that Defendant had "produced all photographs in the claim file." (Docket no. 8-12 at 3, 5.)

Nevertheless, after the deposition of Defendant's claims investigator, Plaintiff became suspicious of whether Defendant had produced all documents and materials responsive to her discovery requests, and raised that suspicion as an issue in her first motion to compel. (Docket no. 8; docket no. 8-1 at 3-6.) The Court addressed this issue at the June 30, 2016 hearing and ordered Defendant to "either file an affidavit stating that it has produced all responsive

6

documents within its custody, possession, or control and that the production is complete, or augment its production to include all responsive documents." (Docket no. 43 at 1.) In compliance with the Court's order, Defendant filed such an affidavit on July 14, 2016, through its Senior Litigation Counsel, Steven E. Carr. (Docket no. 45-1.) In the affidavit, Mr. Carr attested that he "conducted a search in those areas where responsive information is likely to be found[,] and all responsive materials in the custody, possession, or control of [Defendant] have been produced with the exception of those documents withheld due to a claim of privilege." (*Id.*)

Mr. Carr's affidavit is seemingly all-encompassing; however, in light of the fact that the instant Motion was not addressed at the June 30, 2016 hearing or in the contemporaneous court order, and in light of the ambiguous statements that Defendant made in its response to the instant Motion regarding the existence and disposition of Mr. May's photographs, the Court will order Defendant to either (1) produce the photographs taken by Mr. May during his May 28, 2014 inspection of Plaintiff's home, or (2) amend its July 14, 2016 affidavit to (a) state that it has searched for all responsive documents or materials, including, but not limited to, the photographs taken by Mr. May during his May 28, 2014 inspection of Plaintiff's home; that it has produced all responsive documents or materials within its custody, possession, or control; and that the production is complete; and (b) explain in detail the measures that it undertook to locate Mr. May's photographs. In consideration of this forthcoming order, the Court will deny Plaintiff's motion for sanctions without prejudice as premature.

      2.  *Documents and Deposition Answers Withheld on the Basis of Privilege*

Next, Plaintiff argues that "Defendant's improper reliance upon the Attorney-Client Privilege/Work-Product should not be allowed." (Docket no. 35 at 11-14, 19-21.) Plaintiff previously raised this argument in her first Motion to Compel with regard to documents withheld

7

from production by Defendant on the basis of attorney-client privilege. (Docket no. 8.) In the instant Motion, Plaintiff reasserts her arguments with regard to the documents withheld and extends those same arguments to deposition questions that defense counsel advised Jason May and Brian Maxwell not to answer on the basis of privilege. Because the Court already addressed, rejected, and denied Plaintiff's arguments regarding Defendant's assertion of attorney-client privilege in its June 30, 2016 hearing and order, the Court will deny Plaintiff's Motion in this regard as moot. (*Id.*)

        *3.*       *Corporate Representative with Knowledge of the Acronym, "CLASSP"*

Plaintiff also argues that Defendant "should produce a corporate representative with knowledge of the meaning of the acronym, 'CLASSP,' which was used by [Defendant] when [P]laintiff reported her claim." (Docket no. 35 at 14-16.) In its response to Plaintiff's Motion, Defendant informed that it was providing Plaintiff's counsel with additional discovery responses, which would explain the acronym and obviate the need for another deposition. (Docket no. 40 at 11.) In light of Defendant's response, the Court finds that this issue is now moot and will deny it as such.

        *4.*       *The Home Addresses of Jason May and Brian Maxwell*

Finally, Plaintiff argues that "Defendant's refusal to provide the home addresses of Jason May and Brian Maxwell is wrong as such information is relevant and necessary." (Docket no. 35 at 21-22.) Plaintiff previously raised this discovery issue in her second Motion to Compel (docket no. 16), which the Court resolved in its June 30, 2016 hearing and order. The Court will therefore deny Plaintiff's Motion in this regard as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Sanctions and to Compel [35] is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. Defendant will, within fourteen (14) days of this Order, either (1) produce the photographs taken by its claims adjuster, Jason May, during his May 28, 2014 inspection of Plaintiff's home, or (2) amend its July 14, 2016 affidavit to (A) state that it has searched for all responsive documents or materials, including, but not limited to, the photographs taken by Mr. May during his May 28, 2014 inspection of Plaintiff's home; that it has produced all responsive documents or materials within its custody, possession, or control; and that the production is complete; and (B) explain in detail the measures that it undertook to locate Mr. May's May 28, 2014 photographs which Defendant has not produced. Plaintiff's motion for sanctions related to Defendant's failure to produce the photographs taken by Mr. May, is therefore DENIED without prejudice as premature;

b. Plaintiff's motion to compel defense witnesses Jason May and Brian Maxwell to respond to deposition questions that they declined to answer on the basis of attorney-client privilege and to compel the production of documents withheld by Defendant on the basis of attorney-client privilege is DENIED as moot;

c. Plaintiff's motion to compel Defendant to produce for deposition a corporate representative with knowledge of the meaning of the acronym, "CLASSP," is DENIED as moot;

d. Plaintiff's motion to compel the production of the home addresses of Jason May and Brian Maxwell is DENIED as moot; and

e. Plaintiff's motion for the attorneys' fees and costs that she incurred in filing the instant Motion is DENIED.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: January 19, 2017            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon counsel of record on this date.

Dated: January 19, 2017            s/ Lisa C. Bartlett
                                   Case Manager