UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMIKA KEATHLEY,

       Plaintiff,                                     Case No. 15-cv-11888

v.                                                 Paul D. Borman
                                                    United States District Judge

GRANGE INSURANCE                    Mona K. Majzoub
COMPANY OF MICHIGAN,          United States Magistrate Judge

       Defendant.
_____/

OPINION AND ORDER
(1) OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFF'S
OBJECTIONS TO MAGISTRATE JUDGE MAJZOUB'S JUNE 30, 2016
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S FIRST
MOTION TO COMPEL AND GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S SECOND MOTION TO COMPEL (ECF NO. 45);
(2) REVERSING IN PART THE MAGISTRATE JUDGE'S
JUNE 30, 2016 ORDER (ECF NO. 43);
(3) GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL (ECF NO. 8);
(4) ORDERING DEFENDANT TO SUBMIT
CERTAIN DOCUMENTS TO THE COURT FOR *IN CAMERA* REVIEW;
(5) OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE
MAJZOUB'S JANUARY 19, 2017 ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTION
FOR SANCTIONS AND TO COMPEL (ECF NO. 54);
(6) AFFIRMING THE JANUARY 19, 2017 ORDER (ECF NO. 53);
(7) ORDERING LIMITED DISCOVERY REGARDING GRANGE'S
FAILURE TO PRODUCE CERTAIN PHOTOGRAPHS; AND
(8) DENYING AS MOOT PLAINTIFF'S MOTION
FOR STATUS ON PENDING MOTIONS (ECF NO. 51)

1

Before the Court are two sets of Objections (ECF Nos. 45 and 54) filed by the Plaintiff to two separate non-dispositive Orders issued by Magistrate Judge Majzoub on June 30, 2016 (ECF No. 43) and January 19, 2017 (ECF No. 53). Defendant has filed Responses to both sets of Objections (ECF Nos. 47 and 56, Responses) and Plaintiff filed a Reply to Defendant's Response to Plaintiff's Objections to the 1/19/17 Order (ECF No. 57, Reply). Having reviewed the Orders and the Objections pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), the Court overrules in part and sustains in part Plaintiff's Objections and affirms in part and reverses in part the Magistrate Judge's Orders for the reasons that follow.

## I. BACKGROUND

In this action, Plaintiff seeks to recover under a policy of insurance issued by Defendant Grange Insurance Company ("Grange") for loss due to water damage Plaintiff claims occurred at her home as a result of frozen/burst pipes. Grange has denied coverage for a variety of reasons, including that the Plaintiff allegedly "failed to exhibit the damaged property to Grange." Plaintiff has filed numerous motions to compel discovery, and most recently filed a motion for sanctions for Grange's alleged failure to comply with Magistrate Judge Majzoub's discovery Orders. Dissatisfied with the Magistrate Judge's resolution of her motions, Plaintiff has filed Objections to Magistrate Judge Majzoub's June 30, 2016 and July 19, 2017 Orders.

## II. STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)).

This standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). The Sixth Circuit has noted that: "[t]he question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the

test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty, Inc*., 774 F.2d 135, 140 (6th Cir. 1985).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard. . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc*., 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Mattox v. Edelman*, No. 12-13762, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States,* No. 08–12960, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

### III. ANALYSIS

#### A. Plaintiff's 7/14/16 Objections to the Magistrate Judge's 6/30/16 Order

Plaintiff asserts three objections to the Magistrate Judge's 6/30/16 Order:

(1) *"Plaintiff objects to the Magistrate Judge's Order allowing Grange to submit an affidavit as to whether its document production was complete as the Affidavit submitted is vague and raises more questions than it answers."* (ECF No. 45 at 6, PgID 2264.)

The Court overrules this Objection. The Court affirms the Magistrate Judge's decision to permit Mr. Carr to file an amended affidavit and denies Plaintiff's request that Grange produce Mr. Carr for deposition. As discussed below, Magistrate Judge Majzoub's subsequently-issued January 19, 2017 Order further addressed this issue, and required Mr. Carr to submit a more detailed affidavit, thereby mooting Plaintiff's Objection to the first Carr Declaration.

> (2) *"Plaintiff secondly objects to the Magistrate Judge's Order denying plaintiff's motion with respect to defendant's assertion of privilege as its Privilege Log is vague and the documents withheld related to the claims process."* (ECF No. 45, Pl.'s Objs. at 6, PgID 2264.)

The Court sustains this Objection in part and, for the reasons discussed below, requires Grange to submit the documents specified below and listed on its Privilege Log to this Court for *in camera* review.

Grange submits that other courts in this district have recognized that, "although there is not Michigan law directly on point," Michigan attorney-client privilege law would embrace the widely-held view that "'communications between an insurance company and outside counsel retained to provide legal advice regarding coverage, rather than to perform routine claims adjustment, remain protected by the attorney-client privilege.'" *AMI Stamping LLC v. ACE American Ins. Co.,* No. 14-cv-10716, 2015 WL 12990251, at *3 (E.D. Mich. Oct. 7, 2015) (Hluchaniuk, MJ), *modified in part on other grounds*, 2015 WL 7252479 (E.D. Mich. Nov. 17, 2015) (Leitman, J.)

(quoting *United States Fire Ins. Co. v. City of Warren*, No. 10-cv-13128, 2012 WL 1454008, at *5 (E.D. Mich. April 26, 2012)).

The Court accepts this legal premise but also acknowledges the opposite and well-understood principle that "in the context of an insurance claim, '[c]ommunications by attorneys acting as insurance claims investigators, rather than as attorneys, are not protected by the attorney client privilege.'" *7 Mile & Keystone, LLC v. Travelers Cas. Ins. Co. of America*, No. 11-cv-12930, 2012 WL 6553585, at *3 (E.D. Mich. Dec. 14, 2012) (quoting *Flagstar Bank v. Fed. Ins. Co.*, No. 05-cv-70950, 2006 WL 6651780, at *2 (E.D. Mich. Aug. 21, 2006)) (alteration in original). "Defendant cannot simply delegate investigative work to a lawyer and claim it is protected by the lawyer-client privilege or work-product doctrine." *Id.* at *3.

In this instance the Court concludes that, as was the case in *AMI Stamping* and *Keystone*, the Court's *in camera* review of the claimed privileged communications will serve to verify (or defeat) Grange's assertion, which Grange bears the burden of establishing, that Mr. Walker was retained solely for the purpose of, and did through these many claimed privileged communications, provide only legal advice regarding coverage. *See AMI Stamping*, 2015 WL 12990251, at *3 ("It is evident to the Court, from the *in camera* review, that counsel were hired to provide legal advice regarding coverage."); *Keystone*, 2012 WL 6553585, at *3 ("Having reviewed the emails

containing the redactions *in camera*, the Court finds that they fall into two categories . . . .").

Accordingly, the Court sustains Plaintiff's objection on this limited point, REVERSES the Magistrate Judge's 6/30/16 Order only to the extent that it denied Plaintiff's request for *in camera* review of the claimed privileged documents, GRANTS IN PART Plaintiff's motion to compel (ECF No. 8) and ORDERS Grange to submit to the Court for *in camera* review, on or before April 26, 2017, the following documents listed on its Privilege Log (ECF No. 8-13) and specifically now requested to be produced by the Plaintiff for *in camera* inspection by the Court: Nos. 56-57, 90-98, 138-39, 141-42, 143-45, 187-89, 192-97, 215, 221, 227, 576, 578, 581, 582, 598, 599, 601-02, 603-50.

> (3) *"Finally, plaintiff objects to the Magistrate's denial of the motion to compel as the corporate representative should not have been instructed by defense counsel not to answer questions pertaining to Grange's meeting at which it decided to deny Keathley's homeowner's insurance claim."* (ECF No. 45, Pl.'s Objs. at 6-7, PgID 2264-65.)

The Court sustains this Objection to the extent that it requests the production of certain additional materials allegedly authored by Ms. Jeane Strick, Grange's investigator, for *in camera* review by the Court. Ms. Strick has defined her role as being one related solely to investigation, and not coverage, and to the extent that these documents contain facts solely relating to her investigation of Plaintiff's claim,

Plaintiff asserts that those facts are discoverable by the Plaintiff. Grange is ORDERED to submit the following documents to the Court, on or before April 26, 2017, for *in camera* review: Documents 2409, 2421, 2425, 2427, 2447-2449, identified in Plaintiff's Objections at 15, PgID 2273.

The Court overrules the Objection to the extent that Plaintiff seeks to depose Ms. Strick for a second time. The Magistrate Judge's conclusion on this issue was not clearly erroneous or contrary to law and the Court will not order Grange to produce Ms. Strick for a second deposition at this time.

### B. Plaintiff's 1/31/17 Objections to the Magistrate Judge's 1/19/17 Order

Plaintiff objects to that portion of the Magistrate Judge's 1/19/17 Order that denied Plaintiff's request for spoliation sanctions and attorneys fees. Plaintiff argues that the Magistrate Judge should have ordered that Grange face spoliation sanctions for its failure to produce photographs that its inspector, Jason May, allegedly took while surveying the damage at Plaintiff's home. Specifically, Plaintiff requested that the Court order that the jury be instructed that the missing photographs would have depicted damage and broken pipes in Plaintiff's home at the time of his inspection. Magistrate Judge Majzoub declined the Plaintiff's request for an adverse instruction *without prejudice*, and ordered Grange to either produce the photographs or to file an amended affidavit of its senior litigation counsel, Steven Carr, to more fully explain

the measures undertaken to locate Mr. May's photographs.

The Court overrules Plaintiff's Objection to this ruling and notes that Magistrate Judge Majzoub denied Plaintiff's request for spoliation sanctions *without prejudice*. It was not clearly erroneous or contrary to law to require a more detailed affidavit from Mr. Carr before awarding the drastic sanction of an adverse jury instruction on the fundamental issue of whether Plaintiff demonstrated to Grange the alleged damage to her home. The Magistrate Judge's 1/19/17 Order is AFFIRMED.

However, this Court has now reviewed Mr. Carr's Amended Declaration filed in response to Magistrate Judge Majzoub's Order and finds that it does not adequately address the issue of Grange's failure to produce the photographs taken by Mr. May during his inspection of Plaintiff's home.

### 1. May's photographs are relevant and Grange had a duty to preserve them.

As Magistrate Judge Majzoub correctly concluded, any photographs taken by Mr. May when he conducted his inspection of Plaintiff's home were relevant to resolving Plaintiff's claim of loss. Grange denied Plaintiff's claim in part based upon her alleged failure to exhibit the claimed damage to Grange. Grange asserts that by the time Mr. May visited Plaintiff's home, repairs had been completed and according to Mr. May he did not see, and therefore Grange suggests could not have photographed, a pile of burst pipes. However, there is a genuine issue of material fact

regarding exactly what Mr. May did see and photograph when he visited, created at the very least by the testimony of Joe Tison, who testified that the burst pipes were still on site when Tison began his work and that he personally piled the pipes and sectioned them off in an effort to preserve them for the insurance adjuster. Tison testified that he would never "strip and rip" without the insurance company inspecting first. (ECF No. 35-2, Pl.'s Mot. for Sanctions Ex. C, March 16, 2016 Deposition of Joseph Tison at 17-18, 29, 50.) Tison testified that he personally accompanied Mr. May when May took photographs of the house, and testified that May "did his job," and specifically testified that May did take photographs of the pile of debris and burst pipes that Tison had collected and encapsulated on the basement floor. (Tison Dep. 54-55.) Ms. Margie Banks, Plaintiff's independent adjuster, also confirmed at her deposition that when Mr. May visited the home, there were still several areas of broken pipes evident and that "Joe Tyson [sic] specifically pointed to Jason May and told him he may want to photograph the broken pipes that were laying on the basement floor, and he did." (ECF No. 35-7, Pl.'s Mot. for Sanctions Ex. M, 11/19/15 Deposition of Margie Banks at 120, 122.) Thus, a reasonable juror could conclude that May did indeed take photographs of a pile of debris that included the burst pipes. These photographs would be relevant both to Plaintiff's claim that the loss occurred and to her ability to defeat Grange's defense that she failed to exhibit the damaged

property to Grange.

Grange states that even if May did take photographs of the alleged burst pipes, Grange had no duty to preserve those photographs at any time before it made its coverage decision and issued its denial letter to Plaintiff on May 20, 2015. (ECF No. 56, Grange's Resp. to Pl.'s Objs. at 9, PgID 3156.) Despite the fact that Grange asserts the attorney-client privilege for communications with its outside counsel, Mr. Walker, regarding "coverage" issues as early as July, 2014, Grange asserts that on October 31, 2014, it "could not have reasonably anticipated litigation arising from a claim the coverage for which Grange would not decide until months later." (ECF No. 56, Def.'s Resp. to Pl.'s Objs. 9.) Grange argues that it had no duty to preserve the photographs taken by Mr. May at any time on or before October 31, 2014, because prior to that time, Grange was just involved in "coverage" analysis and had made no final determination to deny Plaintiff's claim.

While it may be true that Grange had not made a "final" decision to deny coverage before October 31, 2014, it is clear that prior to that time, and certainly as early as August, 2014, Grange had "issues and concerns" with Plaintiff's claim and was at a minimum preparing to challenge her claim for coverage and, allegedly, seeking legal advice towards that end. Grange cannot dispute that there was a very real possibility of a denial of coverage, and hence of a potential lawsuit by the

Plaintiff, at least as early as August 29, 2014, when it invoked the Examination Under Oath ("EUO") provision of the policy. As Mr. Walker explained to Plaintiff at her EUO:

> I'm going to be straightforward with you from the get-go. Most of the time when people submit an insurance claim if there's coverage the company pays the claim and that's it. Most claims don't go to examination under oath. Typically there's only an examination under oath provision in your policy which is invoked if and when there are certain problems, issues, concerns that require additional investigation and this is definitely one of those claims, ok?

ECF No. 42-1, Pl.'s EUO 5:5-14 (filing stricken as premature). During this time, Grange was at a minimum skeptical of Plaintiff's claim and was repeatedly requesting Plaintiff to submit additional evidence, including photographs, and cannot credibly claim that at the same time it demanded photographic evidence from the Plaintiff, it had no duty to preserve the very same type of evidence that may have existed in its own claim file.

The Court finds that the photographs taken by Mr. May were relevant and that, "coverage was an issue early on" in this case, *AMI Stamping*, 2015 WL 12990251, at *3. Indeed, according to Grange's privilege log, as early as July, 2014, Mr. Walker was creating "notes" and labeling them "attorney work product." (ECF Nos. 46-14 and 8-13, Grange Privilege Log.) Grange's early suspicions as to the nature of this loss perhaps protects Grange's "coverage" communications with counsel as discussed

above, but also imposed on Grange, on these facts, the duty to preserve evidence at least as of the time of Plaintiff's EUO in August, 2014, and certainly at the time that Mr. May severed his employment with Grange in September, 2014.

>    **2.    Steven Carr's January 30, 2017 Amended Declaration is inadequate and Plaintiff is entitled to further limited discovery regarding Grange's failure to produce May's photographs.**

As discussed above, the Court affirms the Magistrate Judge's conclusion that Plaintiff is not entitled at this time to spoliation sanctions or to depose Grange's senior litigation counsel, Steven E. Carr, with respect to whether Grange's production is complete as regards the May photographs. The Court does conclude, however, that Mr. Carr's Amended Declaration (ECF No. 55, Jan. 30, 2017 Amended Declaration of Steven E. Carr), which the Magistrate Judge ordered be submitted in her January 19, 2017 Order, does not fully address the underlying question of exactly how it was possible that the photographs that Mr. May concedes that he took, and believes that he uploaded on to the Grange "CHIP" claim file system, could have failed to make their way onto the CHIP system or, if they were uploaded to the system, how they could have been permanently deleted from the CHIP system. Grange asserts in its Response to Plaintiff's Objections that even assuming that photographs were transferred from Mr. May's camera and/or laptop to Grange's electronic file system, "the only explanation" that Grange can identify for their absence from the file now

13

"relates to the reformatting and/or destruction of Jason May's equipment." (ECF No. 56, Def.'s Resp. to Objs. at 8, PgID 3155.) This suggests that the "CHIP system" is locally stored on each employee's individual computer, and not duplicated or preserved on some type of Grange mainframe or company-wide network. This seems implausible or at least is not well explained in Mr. Carr's Amended Declaration. This and many other unanswered questions lead the Court to conclude that, while the Magistrate Judge correctly denied (without prejudice) Plaintiff's request for spoliation sanctions in her January 19, 2017 Order, and reasonably required instead that Mr. Carr file the Amended Declaration, Plaintiff is now entitled to further limited inquiry into this matter.

Mr. Carr's Amended Declaration, filed as ordered by the Magistrate Judge, is insufficient to fully explain exactly what was done by Grange's IT representative to verify that Mr. May's photos never made it on to Grange's CHIP system, or to determine (assuming they were uploaded as Mr. May believed they were) how (and why) they were somehow deleted from the CHIP system. This information is critical to the Court's resolution of any request for spoliation sanctions. For example, is it customary for Grange's IT department to simply delete without question all information saved locally to a departing employee's laptop (or other company equipment) without someone at Grange authorizing the deletion of information on that

equipment and making a determination whether any locally stored data should be retained on a company network, for example information regarding a claim that is in process at the time of the employee's departure? Mr. Carr's Amended Declaration states that he "confirmed with Representative of Grange's IT Department that . . . any data stored on the equipment retained by Mr. May would have been erased in preparation for providing the equipment to another Grange representative or the equipment would have been destroyed if considered obsolete." (ECF No. 55, Carr Amended Declaration ¶ 4(g).) This simply does not address Grange's general protocols for preserving information that may be stored locally on a departing employee's laptop and whether those protocols were observed in the case of Mr. May's equipment. The Court concludes that more targeted discovery, specifically of a representative of Grange's IT department with knowledge of these issues, is necessary in order to determine whether Grange followed standard company protocol in "erasing" or "destroying" Mr. May's equipment. Furthermore, Mr. Carr's Amended Declaration provides no information whatsoever regarding how Mr. May's photos, assuming he did upload them to the CHIP system (a fact as to which there is a genuine dispute of material fact), could have been permanently deleted from that system and are now unretrievable. An individual from Grange's IT department with knowledge of the processes for entering data into the CHIP system and with

knowledge of Grange's handling of that data once it becomes a part of the CHIP system, would better be able to respond to these critical inquiries including whether Mr. May's claim file, notes and photographs were in fact uploaded to the CHIP system and, if so, how any portions of those files were or could have been deleted from the CHIP system, either by inadvertent error or by "erasing" material from Mr. May's laptop.

To address these shortcomings of Mr. Carr's Amended Declaration, the Court will permit Plaintiff to take the deposition of an individual from Grange's IT department with knowledge of these issues as they relate specifically to Mr. May's equipment and more generally to Grange's IT protocols and the operation of the CHIP system, including protocols for document uploading and file retention. This deposition shall take place on or before April 26, 2017. Plaintiff will then have until May 15, 2017, to renew its motion for spoliation sanctions if it so desires. Any such motion will be limited to ten (10) pages in length (conforming in all respects with this District's local rules governing formatting of papers). Grange will be permitted to respond to any such motion, likewise limited to ten (10) properly formatted pages, by May 30, 2017. Plaintiff may reply within one week of receipt of Grange's response in a properly formatted reply limited to five (5) pages.

## IV. CONCLUSION

For the foregoing reasons, the Court:

(1) OVERRULES IN PART AND SUSTAINS IN PART Plaintiff's Objections to Magistrate Judge Majzoub's June 30, 2016 Order (ECF No. 45, Objections);

(2) REVERSES IN PART Magistrate Judge Majzoub's June 30, 2016 Order (ECF No. 43, Order);

(3) GRANTS IN PART Plaintiff's Motion to Compel (ECF No. 8);

(4) ORDERS Defendant to submit the documents identified in this Order to the Court for *in camera* review on or before April 26, 2017;

(5) OVERRULES Plaintiff's Objections to Magistrate Judge Majzoub's January 19, 2017 Order (ECF No. 54, Objections);

(6) AFFIRMS Magistrate Judge Majzoub's January 19, 2017 Order (ECF No. 53);

(7) ORDERS Grange to produce for deposition, at a time and date to be agreed upon between the parties to occur on or before April 26, 2017, a representative of its Information Technology Department with knowledge of, and the ability to respond to, the matters set forth in Section III(B)(2) of this Order; and

(8) DENIES AS MOOT Plaintiff's motion for status on pending motions, each of which is resolved in this Opinion and Order.

IT IS SO ORDERED.

s/Paul D. Borman<br>
PAUL D. BORMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: March 30, 2017

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 30, 2017.

                                            s/Deborah Tofil
                                            Case Manager