UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMIKA KEATHLEY,

      Plaintiff,                                     Case No. 15-cv-11888

v.                                                   Paul D. Borman
                                                     United States District Judge

GRANGE INSURANCE                    Mona K. Majzoub
COMPANY OF MICHIGAN,               United States Magistrate Judge

      Defendant.

_____/

<u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL
DEFENDANT TO PRODUCE DOCUMENTS THAT WERE THE SUBJECT OF
A COURT ORDERED *IN CAMERA* REVIEW: ALL OF THE REQUESTED
DOCUMENTS ARE PRIVILEGED COMMUNICATIONS BETWEEN
DEFENDANT AND ITS OUTSIDE COUNSEL PROTECTED BY THE
DEFENDANT'S ATTORNEY CLIENT PRIVILEGE AND/OR THE WORK
PRODUCT DOCTRINE</u>

      The Court's Opinion and Order of March 30, 2017, stated, *inter alia*, that the Court would conduct an *in camera* review of the Defendant's claimed privileged communications between its employees and its outside legal counsel "to verify (or defeat) Grange's assertion, which Grange bears the burden of establishing, that Mr. Walker [outside counsel] was retained solely for the purpose of, and did through these many claimed privileged communications, provide only legal advice regarding

1

coverage." ECF No. 58, p. 6.

In conducting its review, the Court recognized the competing legal doctrines that apply to its review. On one side is Defendant Grange's right to protection of its documents relating to legal advice under the attorney-client privilege and the work product doctrine. On the other side is the Plaintiff's right, in the context of an insurance claim, to "communications by attorneys acting as insurance claims investigators, rather than as attorneys, [which] are not protected by the attorney client privilege." *7 Mile & Keystone, LLC* v. *Travelers Cas. Ins. Co.* #11-cv-12930, 2012 WL 6553 585, at *3(E.D. MI, Dec. 14, 2012) ("Defendant cannot simply delegate investigative work to a lawyer and claim it is protected by its lawyer-client privilege or the work product doctrine.")

Defendant provided the documents ordered for *in camera* review on April 26, 2017: a copy of its cover letter was provided to Plaintiff's counsel.

Per the March 30, 2017 Order (ECF No. 58, p. 7), the Court has reviewed the following documents: 56-57, 90-98, 138-139, 141-142, 143-145, 187-189, 192-197, 215, 221, 227, 576, 578, 581, 582, 598, 599, 601-602, 603-650.

The Court concludes that all of the documents provided by Defendant Grange under this order are privileged communications between outside counsel and Grange employees, and accordingly are protected by the attorney-client privilege and/or the

work product doctrine. In particular, the Court finds that many of the communications dealt with outside counsel's preparation for the Examination Under Oath (EUO) of the Plaintiff, a legal proceeding.

In conclusion, the Court is satisfied that Defendant's claims of protection from disclosure are valid; the documents are privileged under the attorney-client privilege and/or the work product doctrine. Accordingly, the Court DENIES Plaintiff's motion to compel discovery of those documents.

SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 6, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 6, 2017.

s/Deborah Tofil
Case Manager